[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2267

 UNITED STATES,

 Appellee,

 v.

 RAFAEL HERNANDEZ-ROSARIO,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen Consuelo Cerezo, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Stahl and Lipez, Circuit Judges.

 Olga M. Shepard on brief for appellant.
 Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco,
Assistant United States Attorney, and Camille Velez-Rive, Assistant
United States Attorney, on brief for appellee.

November 4, 1999

 Per Curiam. Rafael Hernandez-Rosario appeals from his
sentence. He pled guilty to one count of possession with
intent to distribute cocaine and received the statutory
mandatory minimum sentence of ten years. Hernandez' argument
on appeal is that the district court erred in refusing to grant
him the benefit of the "safety valve" provision of 18 U.S.C. 
3553(f) and U.S.S.G. 5C1.2.
 On the third day of sentencing hearings in this case,
after hearing testimony from and questioning Hernandez and the
Police Agent who had arrested him, the district court found
that Hernandez had failed to meet the fifth requirement of the
"safety valve" provision: to truthfully provide the government
with all information and evidence that defendant has concerning
the offense and related offenses. See 18 U.S.C. 3553(f)(5). 
Specifically, the sentencing judge found that "the testimony of
defendant Hernandez Rosario concerning the events surrounding
the commission of the [offense], was not credible."
 This court "reviews for clear error the factual
findings relating to whether a defendant has qualified for the
'safety valve' provisions." United States v. White, 199 F.3d
70, 73 n.6 (1st Cir. 1997). The burden is on the defendant to
prove entitlement to the benefit of the "safety valve"
provision. See United States v. Montanez, 82 F.3d 520, 521 (1st
Cir. 1996). The district court did not clearly err in
determining that Hernandez did not meet that burden. 
 The judge's finding that Hernandez did not truthfully
recount the events surrounding the offense is amply supported
by the record. The testimony of Police Agent Juan Carreras,
who arrested Hernandez at the airport, was directly
contradictory to the testimony of Hernandez with respect to two
important facts: whether Hernandez was alone when he crossed
through the checkpoint and whether he had luggage with him at
that time. The investigation report prepared by another police
agent on the day of arrest and testimony by a third police
agent who was present at the airport during the arrest are
consistent with Agent Carreras' version of the facts.
 Hernandez' reliance upon United States v. Miranda-
Santiago, 96 F.3d 517 (1st Cir. 1996), is misplaced. There, we
remanded for the district court to revisit the issue of
application of the "safety valve" provision where the court had
rested its decision on a "bare conclusion" that defendant had
failed to cooperate fully, "absent either specific factual
findings or easily recognizable support in the record."Id. at
529-30. Here, by contrast, the district court heard testimony
from and closely questioned Hernandez and Agent Carreras before
making a specific factual finding that Hernandez had not told
the truth about the events surrounding his offense. There was
no clear error. See White, 119 F.3d at 74 (affirming sentence
and refusal to grant benefit of "safety valve" provision where
"district court, based on extensive evidence and after vigorous
argumentation by counsel, made the carefully considered
determination that White lacked credibility"). 
 Hernandez argues that his rights under the Jencks
Act, 18 U.S.C. 3500 et seq., were violated because the
district court refused his request to cross-examine Agent
Carreras a second time for the purpose of using the arrest
report to impeach his testimony at the sentencing hearing. The
impeachment argument is that because important details included
in Agent Carreras' testimony were omitted from the perfunctory
arrest report prepared by him, the details must have been
fabricated. On the basis of that impeachment evidence,
Hernandez asks this court to vacate his sentence and remand for
resentencing without regard to the statutory mandatory minimum
sentence. 
 In light of the record as a whole, which includes an
investigation report prepared on the day of the arrest and
testimony of another police agent present at the airport at the
time of the arrest, we conclude that the impeachment value of
the arrest report is minimal. We need not decide whether the
district court erred in denying Hernandez' request to cross-
examine Agent Carreras for a second time because any such error
was harmless. 
 The sentence is affirmed. See Loc. R. 27(c) (formerly
Loc. R. 27.1).